IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILMER ORTIZ, on behalf of himself and other persons similarly situated | ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiff*, | |
| v. | |
| AECO OF LOUISIANA, LLC | |
| *Defendant*. | |

CIVIL ACTION NO.

JUDGE

MAG. JUDGE

_____

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**
_____

Plaintiff Wilmer Ortiz through his attorneys, Roberto Luis Costales and William H. Beaumont, file this Collective Action Complaint against defendant AECO of Louisiana, LLC.

## NATURE OF THE ACTION

1. This is an action by Wilmer Ortiz ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by AECO of Louisiana, LLC ("Defendant"). While working for the Defendant, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendant during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id.*

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Wilmer Ortiz

5. Plaintiff Wilmer Ortiz ("Plaintiff Ortiz") is a resident of Louisiana.

6. Plaintiff Ortiz was hired by Defendant in approximately March of 2014.

7. Plaintiff Ortiz worked for Defendant in Louisiana. AECO of Louisiana, LLC ("AECO") jobsites were populated by numerous other AECO laborers.

8. Plaintiff Ortiz worked as a construction worker. In connection therewith Plaintiff Ortiz performed manual labor installing sheetrock.

9. Defendant paid Plaintiff Ortiz $15.00 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $15.00 per hour.

10. At all relevant times, Plaintiff Ortiz and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant AECO of Louisiana, LLC

11. Defendant AECO of Louisiana, LLC ("AECO") is a corporation organized under the laws of Louisiana with its principal place of business in New Orleans.

12. AECO is in the business of the installation of wall systems for commercial projects in various states, including Florida, Louisiana, and Texas.

13. AECO supervised the day to day work activities of the Plaintiff.

14. AECO determined Plaintiff's work schedule for the employment at issue herein.

15. AECO maintains an employment file for the Plaintiff.

16. AECO is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. AECO is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

18. AECO installs wall systems for commercial projects in various states, including Florida, Louisiana, and Texas. Defendant's services include the installation of drywall. Defendant employs numerous employees at various job sites simultaneously.

19. Plaintiff often worked more than (40) hours a week for the Defendant.

20. Defendant never paid Plaintiff one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.

21. Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendant was and is aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

**COLLECTIVE ACTION ALLEGATIONS**

22.     Defendant paid the named Plaintiff, and other similarly situated employees at an hourly rate for work performed.

23.     Defendant treated the named Plaintiff, and other similarly situated employees as exempt from the FLSA's overtime requirements.

24.     When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

**COUNT I**
**Fair Labor Standards Act – FLSA Overtime Class**

25.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

26.     Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

27.     Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least September 2012 and continuing until the present.

28. As a consequence of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendant and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendant' conduct violated the FLSA;

d. Enjoining Defendant from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*


*/s/ Roberto Luis Costales*                          */s/ William H. Beaumont*
_____   _____
Roberto Luis Costales                                William H. Beaumont
3801 Canal Street, Suite 207                         3801 Canal Street, Suite 207
New Orleans, LA 70119                                New Orleans, LA 70119
Louisiana Bar #33696                                 Louisiana Bar #33005
Telephone: (504) 914-1048                            Telephone: (504) 483-8008
Facsimile:  (504) 272-2956                           *whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*


*/s/ Emily A. Westermeier*
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*


*Attorneys for Plaintiff*